UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TERRY DEAN ROCKETT, JR.

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

Case No. 1:06-CV-286
(Criminal Case No. 1:03:CR:203-10)

HON. GORDON J. QUIST

## **OPINION**

      This Court has before it Terry Dean Rockett's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

**I.    Procedural History**

      On July 1, 2004, Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine, cocaine base and marijuana in violation of 21 U.S.C. § 841 and § 846. On November 3,

2004, this Court sentenced Petitioner to 188 months incarceration, and Judgment was entered on November 4, 2004. Petitioner appealed his sentence and conviction to the Court of Appeals for the Sixth Circuit. In October 2005, the Court of Appeals held that Petitioner had waived his right to appeal and affirmed the judgment of conviction and sentence.

On April 27, 2006, Petitioner filed this motion under 28 U.S.C. § 2255. The essence of this petition is that (1) Petitioner's counsel was ineffective because he misled Petitioner into pleading guilty and failed to inform Petitioner that, by signing the plea agreement, he was waiving his right to appeal or collaterally attack his sentence; (2) Petitioner's counsel was ineffective for failing to present his downward departure argument for his mitigating role in the conspiracy; and (3) that the district court erred when it accepted the Petitioner's criminal history point total pursuant to the Presentence Investigation Report over Petitioner's objections.

## II.     Right to Collaterally Attack Sentence was Waived in Plea Agreement

In his plea agreement, Petitioner substantially waived his right to appeal and collaterally attack his sentence and the manner in which his sentence was determined. The plea agreement states:

> 10. Waiver Of Rights To Appeal And To File A Collateral Attack. The defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his sentence as determined by the trial court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement. The defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255 (except a post-conviction attack based upon a claim of ineffective assistance of counsel or a claim of newly discovered evidence). This agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

(Plea Agreement at 7.)

The Court specifically reviewed this waiver with Petitioner at the plea hearing.

THE COURT: Paragraph nine talks about the constitutional rights that you give up, and we've talked about those.

Now, paragraph ten is a sort of a special waiver of rights. Anybody pleading guilty waives all the rights that are in paragraph nine, but you're making extra concessions here to the government.

As I told you, you would have the right to appeal your sentence to the Court of Appeals. In paragraph nine you say you know but that you're giving up that right. You're saying here that you give up your right to appeal the sentence or the manner in which the sentence was determined on any ground whatsoever. So do you understand that, first of all?

THE DEFENDANT: That is correct, your Honor.

THE COURT: So whatever sentence Judge Quist comes up with is going to be the sentence.

In addition, a person, after an appeal is over or after the time for appeal has expired, has the right to file a motion under Section 2255 to ask the Court to modify or set aside a sentence principally on constitutional grounds. And you're saying here again that you are giving up whatever right you might have in that regard except for two things. You're not giving up your right to claim ineffective assistance of counsel and you're not giving up your right to bring a claim on the basis of newly discovered evidence. But any other claim you are now giving up, any other claim you could have brought under Section 2255. Is that your intent?

THE DEFENDANT: That is correct, your Honor.

(Plea Tr. at 21-22.)

The Court of Appeals for the Sixth Circuit has explicitly recognized that such a waiver is enforceable. *See United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (a defendant may waive any constitutional right, including the right to appeal, in a plea agreement). The plea

agreement is not invalidated by subsequent changes in the law, such as the change set out in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). *See United States v. Luebbert,* 411 F.3d 602, 603 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1178 (2006); *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 145 (2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature.").

Thus, the Court will not consider the third claim (regarding the criminal history point total) because it was waived in the plea agreement.

### III.    Ineffective Assistance of Counsel Claim - Waiver of Appeal

Petitioner claims that his counsel was ineffective because he allegedly misled Petitioner into pleading guilty and failed to inform Petitioner that, by signing the plea agreement, he was waiving his right to appeal or collaterally attack his sentence. In his motion, Petitioner claims that "Defense counsel coerced the Defendant into pleading guilty to the drug offense in this present case by misrepresenting the nature of the charges and the facts that the sentence would be enhanced, the penalty would be increased and the Defendant was waiving all his appeal rights." (Pet.'s Mot. at 4.) The United States Court of Appeals for the Sixth Circuit has repeated the test for ineffective assistance of counsel:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*

4

> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.
>
> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

When ineffective assistance of counsel allegations are raised in the context of a plea process, the two-pronged analysis from *Strickland* still applies with a minor revision. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366 (1985); s*ee also Nagi v. United States*, 90 F.3d 130, 135-36 (6th Cir. 1996). The first prong of *Strickland* remains virtually the same. *See Hill,* 474 U.S. at 58. The second prong or "prejudice" requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. Petitioner must show a reasonable probability that, but for counsel's errors, he would have *insisted on going to trial*. *Id.* (emphasis added); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000).

Here, there is no evidence that counsel's performance was deficient or that Petitioner would not have pled guilty but for the actions of his counsel. Petitioner claims that he did not know that he was waiving his appeal rights, but at the plea hearing, he admitted that he read and understood the agreement and that he consulted with counsel before signing it.[1]

---

[1] The court notes that Petitioner is well educated and studied electrical engineering for a year and a half at community college. (Plea Tr. at 24.)

| | |
|---|---|
| THE COURT: | Okay. Let's turn to the plea agreement. Has the original been signed? Would you show that page to defendant, please? |
| | The clerk is showing you the last page of the plea agreement. Is that your signature? |
| THE DEFENDANT: | Yes, it is, your Honor. |
| THE COURT: | And did you read it and understand it before signing it? |
| THE DEFENDANT: | Yes, I did, your Honor. |
| THE COURT: | Talk to Mr. Woods before signing it? |
| THE DEFENDANT: | That is correct, your Honor. |

(Plea Tr. at 15-16.)

Furthermore, the magistrate judge explicitly informed the Petitioner about this waiver. (Plea Tr. at 21-22.)  Therefore, even if counsel's attorney did not review the terms of the plea agreement (which does not appear to be the case), the magistrate judge did.  Petitioner has failed to show that he would have insisted on going to trial, particularly since he entered his guilty plea after the Court clearly informed him of the waiver.

Furthermore, he stated at the plea hearing that no one coerced him into signing the plea agreement or made any promise about what sentence he would receive.

| | |
|---|---|
| THE COURT: | Other than the promises made to you here in writing in the plea agreement, has anybody promised you anything to get you to plead guilty? |
| THE DEFENDANT: | No, they haven't, your Honor. |
| THE COURT: | Has your attorney promised you anything? |
| THE DEFENDANT: | No, your honor. |
| THE COURT: | Have the government attorneys or agents promised you anything? |

6

    THE DEFENDANT:  No, your Honor.

    THE COURT:  Do you understand that if your sentence turns out to be more severe than you now contemplate you'll still be bound by your plea and you won't be allowed to withdraw it for that reason?

    THE DEFENDANT:  That is correct, your Honor.

(Plea Tr. at 23.)

The Court warned Petitioner that any estimate of a sentence was only an "educated guess" and was not binding on the Court.

    THE COURT:  Now, do you also understand that if Mr. Woods or any[one] else has tried to calculate the guidelines for you or has tried to predict what your sentence might be if you plead guilty, that at this point that's only an educated guess or a prediction and that you shouldn't be relying on its accuracy in order to make your decision to plead guilty?

    THE DEFENDANT:  That is correct, your Honor.

    THE COURT:  Has anybody promised you what your sentence will be if you plead guilty?

    THE DEFENDANT:  No, they haven't, your Honor.

(Plea Tr. at 14-15.)

Finally, Petitioner told the Court that he was satisfied with his attorney's services.

    THE COURT:  Are you completely satisfied with your lawyer's services in the case?

    THE DEFENDANT:  Yes, I am, your Honor.

    THE COURT:  Ha[s] he done everything you've asked him to do in preparing your defense?

    THE DEFENDANT:  Yes, he has, your Honor.

    THE COURT:  And have you had a full opportunity to discuss the case with him?

>    THE DEFENDANT:    Yes, I have, your Honor.
>
>    THE COURT:    And to discuss with him your desire to plead guilty?
>
>    THE DEFENDANT:    That is correct, your Honor.
>
>    THE COURT:    Do you feel rushed or pressured in any way to make that decision?
>
>    THE DEFENDANT:    No, your Honor.

(Plea Tr. at 11.)

Petitioner was explicitly informed about the waiver and admitted that no one had pressured him to plead guilty. There is no evidence that his counsel was deficient or that Petitioner was prejudiced by his counsel's actions. Therefore, this first claim must be dismissed.

## IV.    Ineffective Assistance of Counsel Claim - Failure to Present Downward Departure

Lastly, Petitioner claims that his counsel was ineffective because he failed to present his downward departure argument for his mitigating role in the conspiracy. The same *Strickland* analysis must be applied to this claim. The standard under the deficiency prong is whether Petitioner's counsel provided "reasonably effective assistance," and "whether counsel's conduct <u>so undermined</u> the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686-87, 104 S. Ct. at 2064 (emphasis added). There is a presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and, to prevail, Petitioner must meet the burden of showing that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688-89, 104 S. Ct. at 2064. The Court must also not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Id.* at 690, 104 S. Ct. at 2065-66. Indeed, trial counsel's tactical decisions are particularly difficult to attack,

and Petitioner's challenge to such decisions must overcome a presumption that the challenged action might be considered "sound trial strategy." *Id.* at 689, 104 S. Ct. at 2065.

Even if counsel's representation were found to be deficient, the petitioner must show that he suffered prejudice. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691, 104 S. Ct. at 2066. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. Rather, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

Petitioner has failed to meet either prong here, particularly since Petitioner's counsel raised the argument for downward departure at Petitioner's sentencing hearing.

> MR. WOODS: And we're also asking the Court – and we realize that the Court has broad discretion to depart from the sentencing guidelines. We're requesting the Court for a downward departure.
>
> At Mr. Rockett's plea hearing he did stipulate to being involved in a conspiracy of 150 grams of cocaine. It is Mr. Rockett's position that, while he did purchase cocaine from one of the participants in this conspiracy, he also disclosed at the proffer that he was getting cocaine from other sources. He was a participant in this particular conspiracy, Your Honor, but was a minimal participant. He was not an organizer or leader or manager or even a supervisor. He did not exercise his decision-making powers.
>
> \* \* \* \*
>
> THE COURT: All right. You're not really asking, as I understand it, for a downward departure under 5K2.0. You're asking for a deduction – a mitigating-role deduction.
>
> MR. WOODS: That is correct.

(Sentencing Tr. at 5-7.)

9

> The court considered, and ultimately rejected, the argument.
>
> Regarding the mitigating role adjustment, . . . in this case, I think it would be inappropriate to give a mitigating role adjustment because, as far as the defendant's own actions went, it was an essential role in the offense. And let me give you the cite on that. In other words, he brokered deals between a supplier, McKinney, and different customers. United States v. Samuels, 308 F.3d 662 (Sixth Circuit 2002) where the Court of Appeals held that the District Court erred in granting a minimal role adjustment to a drug dealer who acted as a broker for the entire amount of cocaine involved in the conspiracy.
>
> We don't have that, but we have the defendant acting as the broker for the entire amount of cocaine for which he's held responsible. And as to that aspect of it, he was an indispensable part of the conspiracy, and he played a key role in brokering the drug transactions. I mean, he did everything for those particular drug transactions. There was no limited role that he played regarding the drug transactions that he completed himself.
>
> Therefore, that objection is overruled.

(Sentencing Tr. at 18-19.)

Thus, Petitioner's counsel was not deficient and Petitioner suffered no prejudice. Petitioner claims that the "District Court was in error in its failure to grant the Defendant his downward departure for his mitigating role" in the conspiracy, but, in his plea agreement, Petitioner waived his right to raise this issue on appeal, and he cannot raise it now. Accordingly, Petitioner's second claim must be dismissed.

## V.     No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would

10

be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases.  In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated:  August 10, 2006                              /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE